TOWNSHIP OF CLEARWATER *v.* BOARD OF SUPERVISORS OF KALKASKA COUNTY.

1. MUNICIPAL CORPORATIONS—TOWNSHIPS—COUNTIES—STATE LEGISLATURE—STATUTES.

Townships and counties, being organized as municipalities, purely for public purposes, and their rights and duties not being based on contract, their powers, rights and duties may at any time be modified or abolished by the legislature.

2. HIGHWAYS AND STREETS—STATE LEGISLATURE—TOWNSHIPS—COUNTIES—MUNICIPAL CORPORATIONS.

It is within the power of the legislature to provide by statute (Act No. 355, Pub. Acts 1913) that, in consideration of previous expenditures by a township for State reward roads and county road taxes paid out of proportion to

benefits, the township should have, under certain contingencies, through a process of rebate, relief in part from the burden of such taxation for a time thereafter.

3. CONSTITUTIONAL LAW—STATUTES—RETROSPECTIVE ACT.
   Act No. 355, Pub. Acts 1913, is not retrospective, in a sense forbidding it, because a part of the requisites for its action and application is drawn from a time antedating its passage.

4. HIGHWAYS AND STREETS—TOWNSHIPS—MUNICIPAL CORPORATIONS.
   Until 1893, all public roads, outside of cities and villages, were township highways, and were under the control, care and management of the township in which they were situated, except the few State and Territorial roads, opened by special legislation, and these also, after construction, were under the care and supervision of the township highway commissioners of the several townships through which they passed.

5. SAME—COUNTY ROAD SYSTEM—STATE REWARD ROADS—CONSTRUCTION OF STATUTE.
   On certiorari to review mandamus proceedings to compel the board of supervisors of respondent county to refund to relator county road taxes paid since the enactment of the county road system, as certified by the township clerk, in conformity with the provisions of section 26, Act No. 355, Pub. Acts 1913, respondent contending that only taxes paid since the enactment of the statute should be refunded, the various acts passed since 1893 are reviewed and, it being manifestly the intent of the legislature that the intended benefits of the county road system should ultimately be equitably distributed to the townships taxed for that purpose, it is *held*, that the whole period in which the county road system has been in force and county highway taxes collected from the respective townships is the basis for computation, and the judgment of the circuit court denying the writ is reversed.

6. STATUTES—CONSTRUCTION OF STATUTE—"PROVISO"—WORDS AND PHRASES.
   A proviso to a statute is a limitation or exception to a grant made or authority conferred, the effect of which is to declare that the one shall not operate, or the other be exercised, unless in case provided, and a proviso to a section in a statute creating and defining a right or power is to

be accepted according to its natural, common, and most obvious meaning, strictly construed and limited to the objects fairly within its terms, as gathered both from the section of which it is a part, and a general purview of the whole context.

Certiorari to Kalkaska; Lamb, J. Submitted June 29, 1915. (Calendar No. 26,481.) Decided July 23, 1915.

Mandamus by the Township of Clearwater against the Board of Supervisors of Kalkaska County to compel respondent to return to relator certain county road taxes. An order denying the writ is reviewed by relator on certiorari. Reversed.

*Parm C. Gilbert (J. D. Armstrong, of counsel)*, for relator.

*Ernest C. Smith*, for respondent.

STEERE, J. This case turns upon the construction of section 26, chap. 4, of Act No. 355, Pub. Acts 1913, which is as follows:

"SEC. 26. The adoption of the county road system in any county shall not prohibit any organized township from building State reward roads with moneys raised by tax or by bonding, and in townships where money has been raised by bonding to build State reward roads, the township clerk shall certify to the board of supervisors at the annual meeting thereof the amount of such bonds remaining unpaid, and the county road tax paid by such township shall be returned to the township each year to be applied in payment of such bonds until they are fully paid: *Provided, however*, that no township shall be entitled to the return of its county road tax until it shall have paid as much money in county road taxes as may have been expended on county roads within said township by the county road commissioners."

The circuit court of Kalkaska county denied an ap-

plication for a writ of mandamus to compel respondent to return to relator certain county road taxes it had paid, and which it claimed should. be refunded under the provisions of said section 26. Relator now seeks, by certiorari to mandamus a reversal of said order of denial.

Clearwater is a township of Kalkaska county, where the county road system has been' in force and operation for about 14 years. In 1912 Clearwater township by popular vote issued its bonds to the amount of $6,000 for the purpose of building State reward roads through its own territory. The' money thus obtained was expended for such purpose within its boundaries, the work of construction continuing from the autumn of 1912 through the ensuing season until the fall of 1913 or the first days of the season of 1914. Clearwater township had each year since the county road system was in force in Kalkaska county regularly paid its proportion of county road taxes assessed against it. The amount of taxes so paid by it during the years in which the county road law had been in force exceeded the amount expended in the township by the county road commissioners during the same time, but the amount of county road funds expended in the township by the county road commissioners subsequent to the passage of said Act No. 355 exceeded the county road taxes paid by said township during the same period.

At the annual October, 1913, meeting of the board of supervisors of said county a certificate in behalf of Clearwater township was presented to and filed with the board by the Clearwater township clerk, certifying in due form to the raising of $6,000, as before stated, by township bonds to build State reward roads, that said bonds were outstanding and unpaid, and requested the board by proper action to refund to the township all moneys paid by it for the current year

as county road taxes, that the same might be applied in payment of said bonds. The board of supervisors declined to act favorably upon said application, denying that the township was legally entitled to repayment of its portion of the county road tax as claimed. The township thereupon instituted proceedings in the circuit court of said county to obtain a writ of mandamus directing the board of supervisors to refund said taxes. An order to show cause was issued upon said application, and an answer thereto duly filed by respondent. When the matter was brought on for hearing in the circuit court, issues were framed upon the petition of the relator and respondent's answer as follows:

*"First.* Did the township of Clearwater issue its bonds and raise money for the building of State reward roads in the sum of $6,000, as alleged in the petition?

*"Second.* Was the certificate of the clerk of Clearwater township made stating the amount of such bonds remaining unpaid, and said certificate presented to the board of supervisors of Kalkaska county at its annual October meeting, October, 1913?

*"Third.* Had the township of Clearwater paid as much money in county road taxes as has been expended on county roads within said township by the county road commissioners of Kalkaska county?

*"Fourth.* Has the township of Clearwater expended in the building of State reward roads the sum of $6,000 and upwards of the moneys raised upon the above-mentioned issue of bonds of said township as alleged in the petition herein?"

The issues were tried before the court without a jury, and all answered in the affirmative except the third, the answer to which was as follows:

"Yes, if the issue is intended to include all county road taxes paid by the township since the adoption of the county road system by Kalkaska county; and the answer of this court is no, if the issue is confined to the county road taxes paid by said township since

the passage of the statute under which this action is brought."

The court thereupon denied said application for a writ of mandamus, for the reason indicated by the concluding portion of its answer to issue No. 3. The question at issue is the meaning of the proviso in section 26, which declares:

"That no township shall be entitled to the return of its county road tax until it shall have paid as much money in county road taxes as may have been expended on county roads within said township by the county road commissioners."

Relator contends this means the total balances as they appear each year, and should be determined by a computation covering the period during which the county road system has been in force in Kalkaska county and the township compelled to pay county road taxes; while respondent urges that the law in its intent is prospective, and the proviso does not permit consideration of bonds issued and county road taxes paid by the township, nor county road money spent within its territory, prior to its enactment, but only expenditures by the county on roads within the township and county road taxes paid by the latter after the law went into effect can be considered.

It cannot be said that relator's construction and method of computation are prohibited, because involving a retrospective construction of the law. The rights and duties of these municipalities are not based on any contractual relations. They are organizations purely for public purposes, and their powers, rights, and duties may at any time be modified or abolished by legislation. A law is not retrospective, in a sense forbidding it, because a part of the requisites for its action and application is drawn from a time antedating its passage. It was within the power of the legislature to provide, in consideration of previous expenditures

for State reward roads and county road taxes paid out of proportion to benefits, that the township should under certain contingencies have, through a process of rebate, relief in part from the burden of such taxation for a time thereafter. So far as that question is concerned, the proviso is open to either construction contended for; and the more serious question is: What was the legislative intent?

Under the settled policy in this State, through all the changes in our highway laws until 1893, public roads outside of cities and villages were under the control, care, and management of the townships in which they were situated, and were all township highways, constructed at township expense, except the few State and Territorial roads opened by special legislation, which, after construction, were also under the care and supervision of the highway commissioners of the several townships through which they passed.

In 1893 (Act No. 149, Pub. Acts 1893) the so-called "county road law" was enacted, optional with the counties, providing for an additional system of roads to be developed and maintained by the county, instead of the townships, and authorizing taxation for their construction and maintenance. In counties where this law was put in operation, the township highway laws remained in force as before, with the burden still upon each township to construct, maintain, and be responsible for its system of township highways. The funds raised by taxation under the county road law were expended by the county authorities upon county roads in any part of the county they deemed advisable. This made it possible, if not probable that some townships through which county roads were projected, calling for heavy expenditures, might be especially favored and benefited, and relieved from extending or maintaining their township highways, while others, through which no county roads ran and remote from them, yet

had the full burden of highways within their own territory, and received little, if any, benefits from the county roads for which an extra burden of county tax was imposed upon them.

In 1905 (Act No. 146, Pub. Acts 1905) the State reward law was enacted, providing that under certain contingencies a State reward per mile should be paid by the State to counties and townships constructing roads of certain kinds and qualities.

In 1909, in an effort to get the scattered highway laws together and in more harmonious working condition, Act No. 283, was passed "to revise, consolidate and add to" existing laws upon the subject. In this law legislative attention was first given to the possible inequality of additional burden and benefits which might result, and perhaps had resulted, between townships where the county road law was in force, and section 26 first appears in that act substantially as we have it now, except that the proviso under consideration was omitted. This section, however, as then enacted, gave unrestricted opportunity and right for a township, in which county roads had been or were about to be constructed or improved at heavy expense, to bond for township roads with the prospect that the county would ultimately be compelled to meet these bonds by rebating to the township its county highway taxes, and the township thus get the benefit of more than its just proportion of the county road money. After two years' trial in that form, section 26 was amended by Act No. 168, Pub. Acts 1911, to read as follows:

"SEC. 26. The adoption of the county road system in any county shall not prohibit any organized township from building State reward roads: *Provided, however*, that the provisions of this act shall not apply to townships which have already bonded in good faith for the purpose of building roads under the provisions of section 26 of chapter 4, Act No. 283 of the Public

Acts of 1909, prior to the passage of this act. All acts and parts of acts contravening the provisions of this act are hereby repealed.

"This act is ordered to take immediate effect."

In 1913 the section was again amended to substantially the form in which it first `appeared (in 1909), with the provision under consideration added.

Clearwater township is, and was when this section as amended went into effect, a township "where money has been raised by bonding to build State reward roads." In such case the law made it imperative for the township clerk to "certify to the board of supervisors, at the annual meeting thereof, the amount of such bonds remaining unpaid," whether the township was entitled to a return of its county highway taxes or not. It was manifestly the judgment and intent of the legislature that the townships should have the intended benefits of the section as originally enacted, safeguarded against abuse by the conditions added in the closing proviso. Both the wording and history of this legislation point to a purpose to provide some method by which, in the long run as the system of county roads develops, the benefits may ultimately be equitably distributed to the townships taxed for that purpose in approximate proportion to the burden of taxation imposed upon them. If such is the purpose of this section, and we are impressed that it is, the whole period in which the county road system has been in force and county highway taxes collected from the respective townships best serves as the basis for computations to accomplish such purpose.

Had it been the legislative intent by this proviso that the balance which must settle whether a township was entitled to a rebate or not should be limited to each year, and determined by the difference between county highway taxes assessed against it and the county highway money expended within its territory

that year, the intent could have been made plain beyond cavil in such few and simple words that a failure to so indicate in a section which was three times the subject of legislative consideration and action is persuasive to the contrary.

Section 26, as originally passed and as amended, without the proviso, entitled every township "where money has been raised by bonding to build State reward roads" to an annual refunding of its county highway tax until such bonds are paid, without restriction and irrespective of the amount of county road funds which may have been spent within its territory in excess of taxes paid and benefits out of proportion to burdens borne.

A proviso to any enacting section in a statute which creates and defines a right or power is to be accepted according to its natural, common, and most obvious meaning, strictly construed and limited to the objects fairly within its terms, as gathered both from the section of which it forms a part and a general purview of the whole context. This proviso manifestly is restricted to the section in which it appears, limits it, and takes something back from the power first declared. In that particular it cannot be expanded beyond the strict meaning of the language used. A proviso "is a limitation or exception to a grant made or authority conferred, the effect of which is to declare that the one shall not operate or the other be exercised unless in case provided." *Voorhees* v. *Jackson,* 10 Pet. (U. S.) 449. There can be no intent in a statute not fairly expressed in words. The "case provided" here, and expressed in simple words without other conditions, or limitations, is that the township, before it is entitled to a refund of its taxes, "shall have paid as much money in county road taxes as may have been expended on the county roads within said township by the county road commissioners."

We are unable to find expressed in the words of this proviso a legislative intent that adjustment must be made yearly on the basis of each year's transactions, regardless of what has gone before, and conclude, for the reasons stated, that relator was entitled to the writ of mandamus as petitioned.

The order denying the same is reversed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.

The late Justice McALVAY took no part in this decision.