## TOWNSHIP OF CLEARWATER *v.* BOARD OF SUPERVISORS OF KALKASKA COUNTY.

1. HIGHWAYS AND STREETS — COUNTY ROAD SYSTEM — REFUND — STATE REWARD ROADS—OVERHEAD EXPENSE.

> On certiorari to review mandamus proceedings to compel the board of supervisors of respondent county to refund to relator township county road taxes paid for the year 1914 under the provisions of section 4372, 1 Comp. Laws 1915, *held*, that the proportion of the overhead expense, as well as the amount actually expended in road construction by respondent in said township, should be charged to the township. OSTRANDER, J., dissenting.

2. SAME—NOTICE—CONDITION PRECEDENT.

> Where a township issued bonds and built State reward roads under the provisions of section 4372, 1 Comp. Laws 1915, the notice provided for in section 4373, to be given by the township to the county, of its intention to build such roads, whereupon the county is to furnish an engineer or surveyor to establish the grade, etc., is not a condition precedent to the right of said township to a refund of the money paid as county road taxes, in the absence of any showing that the county was prejudiced by the failure to give said notice.

3. SAME—UNIFORMITY.

> Such notice is not necessary in order to obtain uniformity in road construction, since the statute (section 4386, 1 Comp. Laws 1915) requires the State highway commissioner to furnish general plans and specifications for all State reward roads and inspect them after completion, whether built by the township or county road commissioners.

4. SAME—REFUND TO TOWNSHIP—COUNTY ROAD TAXES—CONSTRUCTION OF STATUTE.

> Under the provisions of said section 4372, a township is entitled to a refund of all of its county road tax paid in a given year if it has paid in county road taxes "as much money" as shall have been expended on county roads within said township by the county.

Certiorari to Kalkaska; Lamb, J. Submitted January 30, 1917. (Calendar No. 27,574.) Decided March 30, 1917.

Mandamus by the township of Clearwater against the board of supervisors of Kalkaska county to compel respondent to return to relator certain county road taxes. An order granting the writ is reviewed by respondent on certiorari. Affirmed.

*Parm C. Gilbert,* for relator.

*Ernest C. Smith,* for respondent.

FELLOWS, J. This court had before it in *Clearwater Township* v. *Kalkaska Supervisors,* 187 Mich. 517 (153 N. W. 824), the right of this plaintiff township, under the provisions of Act No. 283, Pub. Acts 1909, as amended by Act No. 355, Pub. Acts 1913 (1 Comp. Laws 1915, § 4287 *et seq.*), to a refund or return to the township of all moneys paid by it for the then current year as county road taxes, that the same might be applied in payment of its bonds theretofore issued for the purpose of building State reward roads and the proceeds of which were so used. The highway legislation was then reviewed, and it was there held that the legislation did not contemplate that adjustment between township and county must be made yearly on each year's transaction; that the legislation contemplated a computation covering the period during which the county road system had been in force in the county. This court directed the issuance of the writ of mandamus. Pursuant thereto, the taxes for the year 1913 were refunded to the township.

This case comes up with concise findings of fact and conclusions of law, and it will suffice to say that it appears that in August, 1912, the electors of plaintiff township voted to issue $6,000 of bonds for the

building of State reward roads; that such bonds were issued and the proceeds used for such purpose; that at the annual meeting of the defendant board of supervisors held in October, 1914, the township clerk of plaintiff township duly certified to such board that the amount of such bonds remaining unpaid was $6,-000; the refund for the taxes of that year was requested; that action thereon was deferred, and finally the refund refused; that at the annual October, 1915, meeting of said board the township clerk of plaintiff township filed a certificate showing that there remained unpaid of said bonds the sum of $4,000, and the refund of the 1914 and 1915 taxes was requested. As the circuit judge held that the request for the refund of the 1915 taxes was prematurely made, and plaintiff has not appealed, it will be unnecessary to further consider the taxes for that year.

The prosecuting attorney advised the board, and very properly so, that in computing the amount of money expended on county roads within the township by the county road commissioners there should be charged to the township, not only the amount of road expenditures, but its share of the overhead expenses, and advised the employment of a competent bookkeeper to make up the account. Action was deferred by the board until an adjourned meeting held November 15th for the coming in of the account. This account when filed showed that the total county road tax paid by plaintiff township since the adoption of the county road system was $25,089.69. The amount directly expended on county roads in the township during this period was $20,712.20. It also showed the total amount expended in the county, "without doubt, chargeable to overhead expenses," was $17,-680.22, and $16,455.63 expended in the county which the maker of the account was unable to classify. No attempt seems to have been made to apportion either

of these sums among the several townships of the county. On the 17th of November the board refused the refund. Mandamus proceedings were instituted, and upon the hearing the writ was granted as to the 1914 taxes, but refused as to the 1915, for the reason stated.

Defendant brings the case to this court by certiorari, and urges two grounds of defense:

"(a) Because the court erred in holding that the provisions of section 27 of chapter 4 of Act 283, Pub. Acts 1909, are directory, whereas they should be construed as mandatory.

"(b) Because the court erred in holding that the county should repay to the township its 1914 county road tax amounting to $1,830.33 when the condition of the accounts between the county and the township showed that the county had expended within the limits of the said township in the building of roads within $121.86 of as much money as the plaintiff had paid in in county road tax. If any portion of the 1914 tax should be refunded, it should only be the $121.86 which would serve to balance the account between county and township."

(a) Without setting up section 27 (1 Comp. Laws 1915, § 4373) in full, it will be sufficient to say that it provides that the township board of any township deciding to build one or more miles of State reward road shall give notice thereof to the county road commissioners before May 1st, requires the county road commissioners to furnish an engineer or surveyor, and, if it be a piece of road the county road commissioners intend to improve, it shall be constructed in accordance with the plans of the county board. This section was in the act of 1909, and has remained there without change despite the various amendments to section 26 (1 Comp. Laws 1915, § 4372). It is urged that compliance with these provisions is a condition precedent to the right to a refund under the provisions of section 26. We are unable to see such con-

nection between these two sections as permits such conclusion. Section 26 clearly contemplates reservation in the township of the right to build State reward roads either by taxation or bonding, without supervision by the county authorities. We discussed this feature to some extent in the former holding. If the township desires the aid of the county engineer or surveyor, it must file a written notice, as provided in section 27, but if it is willing to pay for such engineer or surveyor from its own funds, the county can hardly be heard to complain. There is no intimation in the record or briefs that the county contemplated improving as a county road the stretch of road which was improved by the township, and we cannot find any grounds for saying that the county was or would be prejudiced in any way by failure to give this notice.

It will also be noted that under section 26 the township clerk of townships with bonds outstanding shall certify to the board of supervisors the amount of such bonds remaining unpaid, and no other affirmative action is required on the part of the township, unless we read into this section the provisions of section 27. There might be many years when the township would not be constructing any new State reward roads and section 27 would be wholly inapplicable.

It is urged that, in order to obtain uniformity in road constructing, it is necessary that the full force contended for by defendant should be given those two sections, and that the purpose of section 27 was to obtain such uniformity, and that uniformity in road construction is desirable. But is not the question of policy for the legislature, and has the legislature not provided the means to obtain such uniformity? We think both questions must be answered in the affirmative. Section 9, chap. 5, Act No. 283, Pub. Acts 1909 (amended by Act No. 75, Pub. Acts 1915; section 4386, 1 Comp. Laws 1915), requires the State high-

way commissioner to furnish general plans and specifications, whether the State reward roads are to be built by the township or county road commissioners. By whatever municipal subdivision they are constructed the inspection is by the State highway department before the reward is paid. The plans and specifications flow from one source, and the inspection is made by the same department, whether township or county builds and supervises the work. We think these provisions secure a uniformity and a uniformity that is State-wide. If they are not sufficient to attain the uniformity desired, the question of further steps is for the legislature. We think that section 26 was intended to preserve the rights of townships which, either by means of taxation or bond issue, improve their own roads and to prevent an undue and unequal burden resting upon them, and that we should not read into that section as a condition precedent to obtaining such rights the provisions of section 27.

(b) It is urged by the defendant that under the provisions of section 26 the plaintiff is not entitled to the return of its road tax for the year 1914, but only such sum as is found on balancing of accounts to have been paid by it over and above the amount expended. Counsel submits that the plaintiff has paid in county road tax $25,089.69; that the direct expenditure by the county in building county roads in the township was $20,712.20. The court found the "overhead charges" apportionable to plaintiff township to be $2,700; that the county has refunded the taxes for the year 1913, under the order of this court, to the amount of $1,555.63, thus leaving the sum of $121.86 as the amount the township had paid in county road taxes in excess of the amount expended on county roads within the township by the county road commissioners, and counsel insists that the refund or repayment should be limited to this amount. The stat-

ute does not so provide. It expressly provides for a return to the township of the county road tax paid by it, not part, but all of it, subject to the condition found in the following proviso:

"*Provided,* however, that no township shall be entitled to the return of its county road tax until it shall have paid as much money in county road taxes as may have been expended on county roads within said township by the county road commissioners." (1 Comp. Laws 1915, § 4372).

If it has paid "as much money" as has been expended, it is entitled to the return of its county road tax. That condition is found here. While it is true that in making the computation between the township and county the township should be charged with its share of the "overhead expenses," and should not be credited (at least without a corresponding charge) with any sum which has been refunded, because an amount turned in to the county treasurer only to be returned presently cannot be regarded as "paid" within the meaning and intent of this act, still, when such a computation shows a balance in favor of the township, as it does here, the township is entitled to a return of its road tax, and the whole of it, to be used exclusively in payment of its bonds.

The circuit judge so held, and the order is affirmed, with costs.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred with FELLOWS, J.

OSTRANDER, J. It is unnecessary to determine in this case, and I doubt if the court can ever determine the apportionment — make the apportionment — between townships of any general public expenditure in the county. Otherwise than this I agree with the construction of the law and the conclusion indicated in the opinion.