Burger Unemployment Compensation Case.

Argued November 15, 1950. Before Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ. (Rhodes, P. J., absent).

*Sebastian C. Pugliese,* with him *Pugliese, Troiano & Pugliese,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY RENO, J., January 12, 1951:

In this unemployment compensation case there is no factual dispute and, although the dates are important, the board's findings can be sententiously stated. On May 25, 1949, appellant and others, employes of the Hand Coal Company and members of the United Mine Workers of America, started a strike. On the following day the Union committee, including appellant, met an employer's official and agreed to return to work pending the adjustment of the employes' grievance, the discharge of a co-worker. On May 27, when the first shift workers reported, they found that the power was turned off, the lamp shanty locked, the foreman absent, and the superintendent informed them that there would be no work. The employer's action accorded with its letter of May 26 to the Union's district office announcing its determination to defer operations until the existing terms of employment were changed, conditions which had no immediate relation to the cause for the strike. So, the strike originated by the employes on May 25 was converted on May 27 by the employer into a lock-out which continued at least until June 30, 1949. During the entire period appellant and his co-workers "were willing and desirous of working under the same terms and conditions existing on May 25, 1949." (Seventh finding of fact.)

Meanwhile the Unemployment Compensation Law was undergoing change. At the inception of the dispute §402(d), 43 P. S. §802, which denied benefits where unemployment was "due to a stoppage of work,

which exists because of a labor dispute" was in effect, and in *Midvale Co. v. Unemployment Compensation Board of Review,* 165 Pa. Superior Ct. 359, 67 A. 2d 380, we held that "stoppage of work" included both strikes and lock-outs. But by the Act of May 23, 1949, P. L. 1738, §11, effective June 1, 1949, (§18), that section was amended by adding after "stoppage of work" the parenthetical clause, "(other than a lock-out)". So, when the *strike* started on May 25 appellant was barred. Did the conversion of the *strike* into a *lock-out* on May 27, which continued to and beyond the effective date of the amendment entitle him to benefits?

The board, relying upon *Deal Unemployment Compensation Case,* 159 Pa. Superior Ct. 577, 49 A. 2d 278, and *MacFarland v. Unemployment Compensation Board of Review,* 158 Pa. Superior Ct. 418, 45 A. 2d 423, denied benefits, holding that allowance of benefits for unemployment which existed prior to the effective date of the amendment operated as a retroactive application of the provision. This was error. In both cases claimants were discharged and were thereby *separated* from their employment. The rule of *Deal* and *MacFarland* applies wherever there is a severance or suspension of employment, as in discharges or voluntary leaving cases. In such cases, as was said in *Mac-Farland,* p. 422, ". . . the state of the law as it was at the time of appellant's *separation* from employment, . . . controls the decision . . ." (Emphasis added.) It does not apply where work has ceased because of a labor dispute.

Where there is a labor dispute, whether it takes the form of a strike or a lock-out, the relation of employer and employe is not severed, but continues until the dispute is settled or until the employe secures other employment. Pennsylvania Labor Relations Act of June

1, 1937, P. L. 1168, §3(d).[1] See also 31 Am. Jur., Labor, §§191, 293. Although work had ceased at the mine, and thereby appellant became unemployed and earned no remuneration (see Law, §4(u), 43 P. S. §753), his status as an employe continued until the end of the lock-out. His status was not interrupted, altered, or destroyed by the labor dispute.

Moreover, the lock-out produced a series of separate and independent claims, just as a continuing trespass or nuisance, unless controlled by statute, creates successive causes of action for each fresh injury. Restatement, Torts, §§158, 160, comment *e*. See also *Stout v. Kindt*, 24 Pa. 449. So here, while the lock-out originated on May 27 and continued over a period, yet on each day when the employer failed to open his mine there was a new, a fresh lock-out against employes who were "willing and desirous of working." There was a lock-out on May 27; one on June 1; one on June 2; and one on every succeeding day. Appellant's eligibility as a continuing employe depended upon the conditions which prevailed during the week covered by his claim. Each week of unemployment is, according to the board's construction of the statute, approved by this Court, the subject of a separate claim, whose validity is determined by a consideration of conditions existing within that week. *Friel Unemployment Compensation Case*, 167 Pa. Superior Ct. 362, 75 A. 2d 7. Consequently, on the effective date of the amendment appellant was unemployed; his unemployment was due to a lock-out; and his claims filed on June 9, 16 and 30 covered periods when the lock-out was in force.

---

[1] §3 (d), supra: "The term 'employe' shall . . . include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute, or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment . . ."

This ruling does not contravene the legislative mandate against retroactive construction of statutes. Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 P. S. §556. Where, as here, no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date. "A statute is not retrospective . . . because a part of the requisites for its action is drawn from a time antecedent to its passing": Endlich, Interpretation of Statutes, §280. "However, a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation": 50 Am. Jur. Statutes, §476. See also 59 C. J., Statutes, §690. Rejecting a contention that the Married Women's Act of 1848 was retroactively construed when applied to women or to the property of women who were covert on the date of its enactment, Mr. Justice ROGERS said, tersely and pointedly: "If the property be hers, when the act passed, there is an end to the objection, that it gives the act a retrospective effect, so as to interfere with vested rights": *Goodyear v. Rumbaugh*, 13 Pa. 480, 481. The books are replete with cases expounding and applying the principle.[2] There was a lock-out on June 1, the effective date of the amendment and, although it com-

---

[2] Among the better illustrations of the application of the doctrine are: *Reynolds v. U. S.*, 292 U. S. 443, 54 S. Ct. 800; *Great Northern Ry. Co. v. Sutherland*, 273 U. S. 182, 47 S. Ct. 315; *Cox v. Hart*, 260 U. S. 427, 43 S. Ct. 154; *Savings Bank v. Weeks*, 110 Md. 78, 72 A. 475; *Bedford v. White*, 106 Col. 439, 106 P. 2d 469; *Perry v. O'Farrell*, 120 Col. 561, 212 P. 2d 848; *Jeffery-DeWitt Insulator Co. v. Nat. Labor Relations Board*, 91 F. 2d 134, 112 A. L. R. 948; *McDougald v. N. Y. Life Ins. Co.*, 146 F. 674 (C, C. A. 9th) ; In re. *Scott*, 126 F. 981 (D. C. Dela.) ; *Clearwater Twsp. v. Kalkaska Co.*, 187 Mich. 516, 153 N. W. 824 (Mich.).

menced prior to that date, the amendment applied to it, and appellant was entitled to compensation under it.

Decision reversed; and the record is remanded to the board which will enter an appropriate order consistent with this opinion.