552

McAllister Unemployment Compensation Case.

Argued March 22, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William J. MacDermott*, with him *David Cohen*, for claimant, appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Raymond Kleiman*, Deputy Attorney General, and

*David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*John G. Wayman,* with him *James F. Smith,* and *Reed, Smith, Shaw & McClay,* for employer, intervenor-appellee.

OPINION BY WATKINS, J., April 12, 1962:

This is an unemployment compensation case in which the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review all concluded that the claimant was disqualified for benefits under the provisions of §402(d) of the Unemployment Compensation Law, 43 PS §802(d), in that he was unemployed by reason of a disqualifying labor dispute or a strike.

The claimant, Leon V. McAllister, was employed by Westinghouse Electric Corporation at its plant in Lester, Pennsylvania. He began working there in 1941 and was working there as a machine operator on October 14, 1955, at which time, as a member of his union, he went out on strike. At that time he did not have a valid separation from work because of the strike. *Gray Unemployment Compensation Case,* 187 Pa. Superior Ct. 425, 144 A. 2d 856 (1958).

On October 17, 1955, the claimant went to work as a rough carpenter at South Eastern Builders, Inc., New Castle, Delaware, and worked there until November 5, 1955, a period of three weeks, when he was laid off. The labor dispute at the Westinghouse plant was continued until August 8, 1956. At the end of the strike the claimant promptly returned to work at the Lester plant where he is now working.

"A striker continues as an employee during the strike and only removes himself from actual labor." *Melchick Unemployment Compensation Case,* 396 Pa. 560, 154 A. 2d 875 (1959). In *Oluschak Unemployment*

*Compensation Case,* 192 Pa. Superior Ct. 255, 159 A. 2d 750 (1960), we held that the intervening employment of a striking employee by another employer does not remove the disqualification of §402(d), supra, where an employee has not severed his employment with the employer against whom he is striking. Evidence of an intervening job, standing alone, is not enough.

The facts in this case are almost identical to those in the *Oluschak* case and it is clearly governed by it. The claimant, as in the *Oluschak* case, indicated by his testimony that he intended to sever his employment but the compensation authorities did not believe him. The record shows that the job he took was that of a rough carpenter and that it lasted three weeks while his employment at Westinghouse was that of a machine operator. The record shows that he never gave Westinghouse any indication whatever that he intended to resign or quit the job there. He had thirteen years seniority and returned to Westinghouse immediately upon the resumption of work. In the ordinary case, if an employee does not show up for work it may logically indicate a severance of employment but if all the employees are engaged in a lawful economic strike, as in this case, the employer most certainly cannot assume that they all quit. If this were so it could be used by the employer as a strike breaking weapon.

The Board found as a fact that "there was no break in the employer-employee relationship between the claimant and the employer during the period of October 14, 1955, until he returned to his employment about August 8, 1956; nor did claimant ever notify the employer of any intent to sever the employment relationship." This finding is binding on this Court. "The appellate courts do not exist to re-try factual matters better left to determination by the administrative agencies charged with hearing the cases, and we should

not begin to alter this approach now." *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632 (1962).

There is nothing in this record to indicate that there was any prior decision in this case except the one appealed from. It is true that he filed his original claim in Delaware in 1955 so that it was an interstate claim and that the agent state paid benefits until April 1956. The contention by the claimant that there was a prior decision and that, in effect, it was res judicata, or if the department may reconsider too much time had passed, was not raised below and there is nothing in this record to support it. All we have before us is the interstate notice of application for benefits dated November 7, 1955; and the disapproval of this application by the Bureau's decision dated and mailed June 8, 1960. Although the claimant's appeal from the Bureau's decision was untimely, the appeal was permitted, according to the record, because the claimant had been misled by the Delaware Unemployment authorities. On appeal, after hearing testimony, the referee and the Unemployment Compensation Board of Review affirmed the decision of the Bureau. There is nothing before us except the appeal from the decision of the Board.

Decision affirmed.

FLOOD, J., dissents.