Stewart, et al. *v.* Unemployment Compensation Board of Review and Aluminum Company of America, Intervenor.

Argued March 7, 1972, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

146

*Bernard N. Katz,* with him *Warren J. Borish* and *Meranze, Katz, Spear & Bielitsky,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

*C. Arthur Wilson, Jr.,* with him *Dale E. Williams, John J. Horgan* and *Eckert, Seamans, Cherin & Mellott,* for intervenor.

OPINION BY JUDGE ROGERS, April 12, 1972:

This is an appeal from the affirmance by the Unemployment Compensation Board of Review of a referee's dismissal of the appellants' claims for compensation.

The appellants are members of a union. They, together with other members, conducted a work stoppage at their employer's plant which lasted for a period of one week. As a result of start-up problems caused by the stoppage, some of the employees, including the appellants here, were not recalled for a period of days after the work stoppage had ended. The appellants claim unemployment compensation for the period be-

tween the end of the work stoppage and their recall to employment.

The appellants concede that the issue has been definitively ruled upon against their position. *Fort Pitt Manufacturing Co. v. Unemployment Compensation Board of Review*, 176 Pa. Superior Ct. 162, 106 A. 2d 672 (1954); *Bako Unemployment Compensation Case*, 171 Pa. Superior Ct. 222, 90 A. 2d 309 (1952). Section 402 (d) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(d), provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to a stoppage of work, which exists because of a labor dispute. . . ." The Superior Court in the cases cited held that ineligibility is not limited to the period of the strike but includes the time after the strike reasonably required to restore the employer's plant to normal operations. *See also Mosko Unemployment Compensation Case*, 199 Pa. Superior Ct. 73, 184 A. 2d 395 (1962). The appellants urge us to change the law by interpreting Section 402(d) so as to confine the period of ineligibility to the period of the strike. They advance two reasons for our doing so. First, they point out that prior to an amendment of Section 402(d) by the Act of June 30, 1947, P. L. 1186, the subsection provided for ineligibility for any week "[i]n which his unemployment is due to the voluntary suspension of work resulting from an industrial dispute . . . provided That this disqualification shall apply only to any week of unemployment which . . . includes any part of a period beginning with the day on which such suspension occurs and ending with (i) the last day of the fourth calendar week immediately following the calendar week in which such suspension occurs or (ii) the day on which such suspension was terminated, whichever is earlier." Act of May 29, 1945, P. L. 1147, §9.

The appellant argues that when the Legislature in 1947 rewrote this section, it intended to disallow benefits during the period of an actual strike, and that the new phrase "[i]n which his unemployment is due to stoppage of work, which exists because of a labor dispute . . ." meant only to exclude benefits during the period of the strike. This argument would be highly persuasive if the only change to 402(d) then made had been the deletion of the provision for four weeks of compensation during the strike period. However, the supplantation of the phrase "[i]n which his unemployment is due to a voluntary suspension of work resulting from an industrial dispute . . ." with the phrase "[i]n which his unemployment is due to a stoppage of work, which exists because of a labor dispute . . ." can be persuasively argued to indicate legislative intent not to limit ineligibility to the period of the strike but rather to extend it to a period of work stoppage resulting from the labor dispute.

The appellants' other argument is founded upon *Pramco, Inc. v. Unemployment Compensation Board of Review,* 396 Pa. 560, 154 A. 2d 875 (1959). There the Superior Court had held that Section 402(b), 43 P.S. §802(b), providing for ineligibility for any week "[i]n which his unemployment is due to voluntarily leaving work without cause . . . provided . . . That the provisions of this subsection shall not apply in the event of a stoppage of work which exists because of a labor dispute . . ." rendered ineligible for compensation striking employees who were never recalled because the employer lost orders by reason of the strike. The company there had continued operations during the strike and the Superior Court reasoned that there was no work stoppage and therefore the claimants became and continued to be persons who had voluntarily left their work. The Supreme Court in reversing interpreted the

phrase "stoppage of work" as referring to cessation by the employee. It reasoned that a striker continues an employee during a strike and retains this status thereafter, and that since it was the loss of production and the decrease in jobs which made it impossible for the employer to recall the employees, they were not "voluntary quits." The instant appellants argue from the Supreme Court's reasoning that they continued as employees during the strike and became eligible for benefits when it ended and until their recall. This is not illogical. It does not, however, persuade us to overturn the Superior Court's rulings for several reasons. First, the Supreme Court in *Pramco, supra,* expressly confined its definition of "stoppage of work" as cessation by the employee to its use in Section 402(b) stating: "We are not called upon here to interpret the meaning of this phrase as it is used in Section 402(d) which is concerned with the right to compensation during a labor dispute. If we were faced with that question, we might reach a different conclusion." 396 Pa. at 564, 154 A. 2d at 876. Second, the *Mosko Unemployment Compensation Case, supra,* was decided by the Superior Court subsequent to the *Pramco* decision and we cannot assume that the Superior Court was unaware of the Supreme Court's reasoning in that case. Third, the factual difference between the case of the employee not recalled because of loss of business resulting from a strike and the case of the employee temporarily unemployed during start-up after a strike is real and compelling.

Finally, the Superior Court's interpretation of Section 402(d) to which we here adhere has existed and been followed by it and the Board for upwards of twenty years, during which time the Legislature has amended Section 402 in other respects on four occasions. *See Bonomo Unemployment Compensation Case,* 161 Pa. Superior Ct. 622, 56 A. 2d 288 (1948), and the Acts of

May 23, 1949, P. L. 1738, §11; August 24, 1953, P. L. 1397, §4; March 30, 1955, P. L. 6, §5; and December 17, 1959, P. L. 1893, §§8, 9, 10. Indeed, by the Act of 1949, P. L. 1738, it tinkered with 402(d) itself. Section 552 (4) of The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 P.S. §552, directs the presumption that the Legislature in the enactment of laws on subjects previously treated intends the same construction of language to be used as was previously employed by a court of last resort. This principle is applicable in the case of Superior Court holdings which have remained unmodified by the Supreme Court. *Lock Estate,* 431 Pa. 251, 244 A. 2d 677 (1968). While the presumption so established is not here conclusive because the Legislation has not in fact enacted a new statute on the subject matter, its failure to overturn the Superior Court rule when it had the subject in hand seems further cause for us to adhere to the established interpretation.

### ORDER

AND Now, to wit, this 12th day of April, 1972, the petitioners' appeals are dismissed and the orders of the Unemployment Compensation Board of Review affirmed.