## Smittle v. Smittle

*Sanford S. Finder,* for plaintiff.
*George J. Modrak,* for defendant.

SWEET, *P.J.,* February 3, 1977 — On or about January 22, 1977, Lois J. Smittle brought the first action here under the Protection From Abuse Act of October 7, 1976, P. L. 1090, 35 P. S. §10181, which, despite the internal official nomenclature, seems destined to become "the battered person" law. The immediate facts of the case give little trouble, but there is a pesky item of statutory construction.

Mrs. Smittle averred that on November 1, 1976, her husband injured her seriously, inter alia, breaking her leg. The problem comes from the fact that the act has an effective date of December 6, 1976. From a reading of the act, one assumes that it creates a new remedy and procedure but creates no new rights and does not change the substantive law. The question for decision, therefore, is whether this new procedure may be applied to an episode that happened before the effective date, but where a proceeding was brought shortly after

the effective date of the act. Defendant did not raise this question in his answer which amounts to a general denial. He avers that petitioner is not entitled to any relief.

After the hearing judge wondered aloud if the act was applicable to this state of facts, defendant then objected, but did not amend his answer or file anything.

One way out of the difficulty, I suppose, is to say that plaintiff is still in fear of bodily injury and/or physical menace or that the consequences of the broken leg are still upon her, since she moves only with the aid of crutches and has not been able to return to work. It seems preferable, however, to hold that this law, since it does not create any category or prohibited acts, but only erects a new remedy for one who is the victim of assault and battery, will apply to anyone who can come under its terms after the effective date.

In this we are aided by some decisions from other fields of the law. For instance, in Misitis v. Steel City Piping Company, 441 Pa. 339, 272 A.2d 883 (1971), it was held that the statute providing for the 12-year limitation on claims arising out of negligent design or construction of improvements to real estate was prospective in application and did not preclude action for injuries sustained five days *prior* to passage of the statute.

Back in 1937, the Third Circuit in United States v. Balestra, 88 F. 2d 43 (C.C.A. 3d Cir. 1937), held that a statute specifying how an alien marrying a citizen after the passage of this act, as amended, may be naturalized was applicable to an alien marrying the citizen *after* passage of original act but before passage of amendment. The United States District Court for the Eastern District of

Pennsylvania in Nacirema Operating Company v. Andruzzi, 185 F. Supp. 344 (E.D. Pa. 1960), held in applying a Federal workmen's compensation statute (the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424) that the employer of longshoremen had a legal right to suspend payment of compensation, begun voluntarily, only upon the exercise by a claimant of his right to elect to sue a third party and where the claimant did not so elect before the effective date of an amendment which eliminated the requirement of an election, the employer's right to suspend payment never vested, and a subsequent suit by the claimant against a third party did not give the employer and its insurance carrier a right to suspend payments. Much to the same effect in the unemployment compensation field is Burger Unemployment Compensation Case, 168 Pa. Superior Ct. 89, 77 A.2d 737 (1951). Its sixth headnote says:

"Where no vested right or contractual obligation is involved, an act is *not* retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date." (Emphasis supplied.)

For more of the same, see Philadelphia v. Halpern, 78 D. & C. 16 (1951), referring to a petition to strike off a personal property tax lien, and Creighan v. Pittsburgh, 389 Pa. 569, 132 A.2d 867 (1957), which gave the appellee, a salaried fireman, the benefit of a special compensation act. It has often been said that a statute is not made retroactive merely because it draws upon antecedent facts for its operation, and an act is not retroactively construed when applied to a condition

existing on its effective date even though the condition results from events which occurred prior to that date. See Act of November 25, 1970, P. L. 707, as amended, 1 Pa. C.S.A. §1926, for instance.

Mrs. Smittle's leg was smashed on November 1, 1976, but was still not healed and she was still disabled from the violence both on January 22, when she commenced her proceeding and on this day when we decide the merits. She is still in fear.

The facts are simple. There was a general state of marital infelicity in the Smittle home in Eighty-Four. On the day in question, Mrs. Smittle baked pies for the Parent-Teachers' Association, eventually exhausting the propane gas so her husband's meal was not well cooked. Irked by this, he beat her, breaking her leg. Although defendant denied this, his manner on the stand was furtive and evasive and his witnesses helped him very little. I think counsel for defendant probably relied on the absence of an allocation of blame to him in the hospital report,* but it turned out in the testimony the defendant had given the hospital intake clerk his version, not hers.

Accordingly, we take the position that the Act of 1976 applies. Since she has removed from the premises and does not desire to go back, the remedy demanded is relatively limited. We enjoin defendant to refrain from abusing plaintiff further. We require him to permit her representative reasonable access to the Smittle trailer to take out her items of personal property. We confirm the custody of the little girl in plaintiff.

---

*It was subpoenaed and said she "fell" but before this came on the record or was seen by anyone, plaintiff had pulled the fangs of this spoiler.

Support is taken care of in a proceeding at No. 59 DR 77 which was heard at the same time and with the same witnesses and on the same record. Exception noted to defendant.