570 A.2d 100

**ACME CORRUGATED BOX COMPANY, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1989.

Decided Jan. 26, 1990.

Louis J. Capozzi, Jr., Fox, Rothschild, O'Brien & Frankel, for petitioner.

No appearance for respondent.

Margaret A. Browning, Spear, Wilderman, Sigmond, Borish & Endy, Philadelphia, for intervenor, George Horvath, et al.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

We granted reargument of *Acme Corrugated Box Co., Inc. v. Unemployment Compensation Board of Review*, 131 Pa.Commonwealth Ct. 244, 570 A.2d 96 (1989) (Acme I) solely to consider whether a striking employee is entitled to unemployment compensation benefits after an employer refuses an unconditional offer to return to work under the terms of the expired contract because the job has been filled by a permanent replacement employee.

Prior to the expiration of an existing labor agreement, Acme Corrugated Box Co., Inc. (Acme) and the United Paper Workers' Union, Local No. 375 (Union) engaged in collective bargaining in an attempt to replace the contract which expired on January 31, 1985. As a result of the failure of the parties to reach an agreement, a work stoppage occurred on February 6, 1985. Shortly thereafter, Acme began hiring permanent replacement employees. On March 27, 1985, the Union made an unconditional offer to return to work. Acme refused this offer because it had already filled the positions of the striking workers with permanent replacement employees. Acme would only agree to place the striking employees on a preferential hiring list.

In *Acme I*, we concluded that the Unemployment Compensation Board of Review's (Board) finding of fact that the work stoppage was the result of a lockout and not a strike was not supported by substantial evidence. In addition, we

concluded that George Horvath (Claimant), a union member who was replaced by a permanent replacement employee, was not entitled to unemployment compensation benefits despite an unconditional offer to return to work.

■ The sole issue before us is whether a striking employee who is permanently replaced during a strike, is ineligible for unemployment compensation benefits under Section 402(d)[1] of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(d). We conclude that Section 402(d) is inapplicable and reinstate unemployment compensation benefits for the period beginning March 27, 1985, after the unconditional offer of the striking employee to return to work.

■ The proper inquiry, when determining the cause of a claimant's unemployment, must be confined to the *immediate* cause of the unemployment. *Penflex, Inc. v. Bryson*, 506 Pa. 274, 485 A.2d 359 (1984). It is clear that, prior to March 27, 1985, the striking employees were ineligible for unemployment compensation benefits under Section 402(d) because their unemployment was the result of an on going strike. However, the striking employees had not severed the employment relationship. "A striker continues as an employee during the strike and only removes himself from actual labor. He retains his status at all times and again

1. Section 402(d) of the Unemployment Compensation Law provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

becomes a working employee when the strike is terminated." *Pramco v. Unemployment Compensation Board of Review*, 396 Pa. 560, 564, 154 A.2d 875, 876–77 (1959).

The severance of the employment relationship in this case, occurred on March 27, 1985, when the striking employee made an unconditional offer to work under the terms of the expired contract, which Acme refused to accept. Thereafter, the immediate cause of Claimant's unemployment was Acme's failure to permit the striking employee to return to work, not the strike. Consequently, we hold that a striking employee may not be denied unemployment compensation benefits under Section 402(d) after he has made an unconditional offer to return to work under the terms of an expired contract, where an employer chooses to keep a replacement employee rather than permit a striking employee to return to work.

Our holding in this case is in accordance with the reasoning in *Penflex*. In *Penflex*, the supreme court, in holding that a strike which violated the notice requirements of Section 8 of the National Labor Relations Act[2] was not willful misconduct under Section 402(e) of the Unemployment Compensation Law,[3] discussed the relationship between sections 402(d) and 402(e). The supreme court noted that section 402(d) only applies to ongoing employer/employee relationships. When the relationship is severed, the employee no longer has an interest in the outcome of the labor dispute and therefore, section 402(d) is inapplicable. *Penflex*, 506 Pa. at 287–88, 485 A.2d at 366.

Accordingly, the order of the Unemployment Compensation Board of Review is affirmed in so far as it grants unemployment compensation benefits to George Horvath after March 27, 1985.

### ORDER

AND NOW, January 26, 1990, the order of this court in the above-captioned matter dated September 8, 1989, is

2. 29 U.S.C. § 158(d) (1982).

3. 43 P.S. § 802(e).

vacated with respect to the period beginning March 27, 1985 and the order of the Unemployment Compensation Board of Review is affirmed insofar as it grants benefits to George Horvath beginning March 27, 1985.

SMITH, J., dissents.