620 A.2d 663

**SILO, INC., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent. (Two Cases)**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Jan. 28, 1993.

Daniel F. Gruender, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Silo, Inc. (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision granting unemployment compensation benefits to Robert Mosley (Claimant). We reverse.

Claimant is a representative claimant for members of the International Brotherhood of Teamsters, Chauffeurs and Warehousemen, Local 623 (Union).[1] Claimant worked under a collective bargaining agreement between the Union and Employer which expired on August 11, 1989. Work continued under the terms and conditions of the expired contract while negotiations for a new contract continued. Following a bargaining session on September 28, 1989, the Union initiated a work stoppage. Later that day, Employer began to hire permanent replacement workers.

Claimant filed an application for unemployment compensation benefits which was granted by the Bureau of Unemployment Compensation Benefits and Allowances (Bureau). Employer appealed to a referee. Following a hearing, the referee affirmed the decision of the Bureau. Employer filed a further appeal to the Board which remanded the case to another referee, acting as a hearing officer for the Board. Thereafter,

1. Because of the timing of his application for unemployment compensation benefits, claimant, Albert Lee Hastings, was not included in Employer's mass appeal. His case (No. 162 C.D.1992) has been consolidated with that of lead claimant, Mosley for purposes of this appeal.

the Board made findings of fact different from those of the original referee, concluded that Claimant was not disqualified from receiving benefits under the provisions of Section 402(d) of the Pennsylvania Unemployment Compensation Law (Law)[2], and affirmed the decision of the original referee granting benefits to Claimant.

■ The issue on appeal to this court is whether the Board erred in concluding that Claimant was not disqualified from receiving benefits by Section 402(d) of the Law, because work was no longer available to Claimant.[3]

■ In pertinent part, the Board made the following findings of fact:

9. At approximately 1:30 p.m., on September 28, 1989, the Union initiated a work stoppage at the Employer's work site and established and maintained picket lines.

10. Later on September 28, 1989, Employer began to hire replacements to do the work of those engaged in the work stoppage. Twenty-one of the twenty-six employees involved in this appeal were permanently replaced on or before September 29, 1989.

**2.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(d) which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

\* \* \* \* \* \*

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, the dispute.

**3.** Our scope of review in an appeal from a decision of the Board is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Hercules, Inc. v. Unemployment Compensation Board of Review*, 146 Pa.Commonwealth Ct. 77, 604 A.2d 1159 (1992).

11. Claimant was permanently replaced on September 29, 1989.

12. Although permanently replaced, Claimant continued to accrue sick leave, pension credit, and seniority.

13. On October, 24, 1989, the Employer unilaterally implemented the terms of its final proposal.

14. On December 1, 1989, Claimant offered to return to work and was placed on a preferential hiring list.

15. Claimant returned to work in August 27, 1990.

16. At no time did the Union make an unconditional offer to return to work on behalf of all the employees who participated in the work stoppage.

Board Decision of September 9, 1991, at 2. The Board further stated that as of September 29, 1989, when Claimant was permanently replaced, work was no longer available to him and that his unemployment was no longer due to a work stoppage. *Id.*

Employer argues that the Board's position is contrary to established law. We agree. This court's decision in *T.B. Wood's Sons Co. v. Unemployment Compensation Board of Review,* 150 Pa.Commonwealth Ct. 217, 615 A.2d 883 (1992), is dispositive. In *T.B. Wood's,* the employer hired permanent replacement workers and subcontracted out 40–60% of the work performed at the plant where the striking employees worked. The Board found that work was no longer available to the union employees because they had been replaced and because the work was subcontracted out. The Board went on to conclude that the claimant was entitled to benefits because the employer severed the employment relationship upon hiring permanent replacement workers and permanently subcontracting out the work.

We reversed the decision of the Board and held that in accordance with *Acme Corrugated Box Company v. Unemployment Compensation Board of Review,* 131 Pa.Commonwealth Ct. 244, 570 A.2d 96 (1989) (*Acme I*), and *Acme Corrugated Box Company v. Unemployment Compensation Board of Review,* 131 Pa.Commonwealth Ct. 251, 570 A.2d 100 (1990) (en banc) (*Acme II*), a work stoppage remains the

result of a strike, the hiring of permanent replacement workers notwithstanding, until the union makes an unconditional offer to return to work. *T.B. Wood's.*

In this case, given the Board's finding that at no time did the Union make an unconditional offer to return to work, the requirements of *Acme II* as interpreted by *T.B. Woods* have not been met. Accordingly, Claimant remains ineligible for benefits under Section 402(d) of the Law and the decision of the Board is reversed.

## ORDER

AND NOW, January 28, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.